UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Darin E. Morris,** ) | **CASE NO. 1:16 CV 118** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | **Memorandum of Opinion and Order** |
| **Department of** ) | |
| **Rehabilitation and Corrections,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## INTRODUCTION

*Pro se* Plaintiff Darin E. Morris filed this action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction ("ODRC"), Richland Correctional Institution ("RCI") Corrections Officer Covak, RCI Warden Bradshaw, RCI Investigator Perdue, RCI Unit Manager Walker Williams, and RCI Institutional Inspector Ros.  In the Complaint, Plaintiff claims Covak did not protect him from an inmate assault, the other Defendants did not properly investigate the incident, and his Unit Manager did not follow the proper procedure before recommending his reclassification to a higher security level.  He seeks monetary damages.

## BACKGROUND

Plaintiff contends that on July 15, 2015, he was assaulted by fellow inmate Howard.  He states the assault took place directly in view of Covak and another corrections officer.  He

alleges that after the assault, Howard was not removed from the housing unit. Instead, both inmates remained in the day room. He contends Howard continued to make verbal threats to him. Plaintiff claims he finally decided he needed to respond physically to the threat in order to defend himself. After the second altercation, both inmates were taken to segregation. He asserts that Covak failed to protect him from the first assault, and the remaining Defendants failed to properly investigate the incident. He contends Williams raised his security classification when recommendations for security level increases are supposed to come from the Warden or the Institutional Inspector. Plaintiff is now incarcerated in the Mansfield Correctional Institution.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in

the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### **DISCUSSION**

Plaintiff asserts three claims for relief. First, he contends Covak failed to protect him. This claim arises, if at all, under the Eighth Amendment. Second, Plaintiff claims the ODRC, Warden Bradshaw, Investigator Perdue, Institutional Inspector Ros, and Unit Manager Williams failed to properly investigate his claims that Howard was the aggressor in both altercations. He does not indicate the constitutional right he believes Defendants violated by failing to conduct a thorough investigation. Finally, he claims Williams increased his security classification level, without following proper procedures. This claim appears to assert a denial of procedural due process.

### A. ODRC

As an initial matter, the ODRC cannot be sued in federal court for damages under 42 U.S.C. § 1983. It is an agency of the State of Ohio. The Eleventh Amendment is an absolute bar to the imposition of liability upon States and their agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

### B. Failure to Protect

Plaintiff first claims Covak failed to protect him.  This claim arises, if at all, under the Eighth Amendment.  The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes by ensuring that the punishment imposed is not "barbarous" nor in contravention to society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration.  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999).  In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance.  *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A Plaintiff must first plead facts

which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

It is not clear whether Plaintiff is claiming Covak failed to prevent the assault, or whether he is asserting that Covak failed to intervene in a timely manner to break up the altercation. In either case, Plaintiff does not allege any facts about the altercation. He does not indicate what prompted it, what happened, how long it lasted, or how it ended. He simply states that he was assaulted. An assault can encompass anything from a push or shove to an attack with a deadly weapon. It can come after numerous warnings, or it can be spontaneous. To state a claim against Covak, Plaintiff must allege facts to show Covak's actions were more than negligent. *Farmer*, 511 U.S. at 835. He must show Covak knew of and disregarded a perceived excessive risk to Plaintiff's health or safety. He must allege facts suggesting Covak was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that Covak actually drew that inference. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 837). Because Plaintiff does not describe either incident,

and does not allege how Covak responded, he has not adequately alleged that Covak acted with deliberate indifference to his safety.

### C. Failure to Investigate

Plaintiff also asserts Warden Bradshaw, Investigator Perdue, Unit Manager Williams, and Institutional Inspector Ros failed to investigate his claim that inmate Howard provoked him to start the second altercation. He alleges the Institutional Investigator reviewed the video of the incidents and determined both inmates were at fault. He contends Warden Bradshaw refused to reopen the investigation. The Institutional Inspector denied his grievance.

It appears Plaintiff disputes the finding that he was partially at fault for the altercation, which led to his placement in segregation and an increase in his security level classification. A prisoner has no constitutionally protected right to be free from false or inaccurate accusations of conduct violations. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986); *see also Jackson v. Madery*, Nos. 04-1805, 04-1871, 2005 WL 3077136 (6th Cir. May 30, 2006); *Jackson v. Hamlin*, No. 02-2040, 2003 WL 1194246, at *2 (6th Cir. Mar. 11, 2003); *Munson v. Burson*, No. 98-2075, 2000 WL 377038 at *3 (6th Cir. April 7, 2000). Conduct violation charges only implicate constitutional rights under the Due Process Clause if the inmate is deprived of good time credits as a result of a disciplinary conviction, or is subjected to conditions of confinement which present an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Even when good time credits or atypical and significant conditions of confinement have been imposed, the only question for the Court to determine is whether the disciplinary hearing complied with the basic requirements needed to satisfy due process. The standard is not a

difficult one to meet. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill*, 472 U.S. 445, 455 (1985). To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1972).

Furthermore, due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution at Wolpole*, 472 U.S. at 454-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* The Rules Infraction Board is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, the Rules Infraction Board may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id.* at 457.

In this case, Plaintiff challenges the conclusions these Defendants drew from the tapes and the evidence presented. He does not complain about the hearing process, nor does he suggest he did not have sufficient notice of the charges. While Plaintiff disputes Defendants' resolution of factual issues and his finding of guilt, he has not sufficiently demonstrated he was denied due process.

**D.     Increase in Security Classification Level**

Finally, Plaintiff states that his unit manager recommended his reclassification to a higher security level without following proper procedure.  To establish a procedural due process violation, Plaintiff must prove that (1) he was deprived of a liberty or property interest, and (2) the procedures afforded to protect that interest were insufficient. *Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006).  In this case, Plaintiff does not have a protected liberty interest in being held at a particular security classification level.  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Cash v. Reno*, No. 97-5220, 1997 WL 809982 (6th Cir. Dec. 23, 1997).  Increasing his security classification without following the proper procedure did not violate Plaintiff's constitutional right to due process.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/14/16